FILED

Mark Lee, Esq. (SBN 183008)
Sandy Chang, Esq. (SBN 267086)
**LEE & CHANG, LLP**
456 San Jose Avenue, Suite A
Claremont, CA 91711
Phone: 323-250-2580
Facsimile: 650-618-5000
mark@leeandchang.com
sandy@leeandchang.com

2012 JUN 21  PM 2: 31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

Attorneys for plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

THOMAS LEE, MEEJOUNG LIM, on
behalf of themselves and others
similarly situated,

      Plaintiffs

   vs.

MEGA MILLIONS LOTTERY; and DOES
1-100 inclusive,

      Defendants

Case No. CV12-5402 PSG (SHx)

CLASS ACTION

CLASS ACTION COMPLAINT FOR
1) BREACH OF CONTRACT; 2) FALSE
ADVERTISING; 3) MISREPRESENTATION;
4) NEGLIGENCE; 5) FRAUD; 6) CIVIL
CONSPIRACY; 7) VIOLATIONS OF
UNFAIR BUSINESS PRACTICES ACTS; 8)
UNJUST ENRICHMENT; and 9)
DECLARATORY RELIEF

DEMAND FOR JURY TRIAL

/ / /

/ / /

/ / /

/ / /

# TABLE OF CONTENTS

Page

I.     INTRODUCTION.......................................................................................... 3

II.    PARTIES..................................................................................................... 7

       A.    PLAINTIFF......................................................................................7

       B.    DEFENDANTS.................................................................................8

III.   JURISDICTION AND VENUE.................................................................. 11

IV.    STATEMENT OF FACTS......................................................................... 12

V.     CLASS ALLEGATIONS.......................................................................... 15

       A.    SUPERIORITY............................................................................. 16

       B.    NUMEROSITY.............................................................................. 16

       C.    COMMONALITY........................................................................... 16

       D.    TYPICALITY................................................................................. 18

       E.    ADEQUACY.................................................................................. 18

       F.    FEDERAL RULES OF CIVIL PROCEDURE, RULE 23(b)(1), 23(b)(2)
             and 23(b)(3)................................................................................ 18

VI.    CAUSES OF ACTION.............................................................................. 19

VII.   DEMAND FOR JUDGMENT..................................................................... 27

DEMAND FOR JURY TRIAL.............................................................................. 28


FOOTNOTE 1: "HOW TO PLAY" INCLUDING THE ODDS/CHANCES TO WIN.................. 14

Plaintiffs, THOMAS LEE and MEEJOUNG LIM ("Plaintiffs"), on behalf of themselves and a class of similarly situated persons, bring this action, and allege upon personal knowledge and upon information and belief (based on the investigation of counsel) as to all other matters, as to which allegations Plaintiffs believe substantial evidentiary support exists or will exist after a reasonable opportunity for further investigation and discovery, as follows:

## I.    INTRODUCTION

1.    Plaintiffs are informed, believe and thereon allege, at all relevant times material hereto and mentioned herein, Defendant MEGA MILLIONS LOTTERY ("Defendant MEGA MILLIONS"), operated a US multi-jurisdictional lottery game called Mega Millions which was/is administered by a consortium of its original state lotteries. These original state lotteries include 12 lotteries in states of: Georgia (1996), Illinois (1996), Maryland (1996), Massachusetts (1996), Michigan (1996), Virginia (1996), New Jersey (1999), New York (2002), Ohio (2002), Washington (2002), Texas (2003) and California (2005).

2.    On 01/31/2010, 23 additional state lotteries became members of Defendant MEGA MILLIONS. Since then additional lotteries became members and currently Mega Millions game is played in 44 jurisdictions: 42 state lotteries and the District of Columbia and the U.S. Virgin Islands. Drawings are held at 10:59 p.m. Eastern Standard Time Tuesdays and Fridays in Atlanta, Georgia, supervised by the Georgia Lottery.

3.   Defendant MEGA MILLIONS does not have a "central office".
Currently Mega Millions game may be operated, co-operated and/or
duties shared with its current members. These lotteries are
identified as (1) forty-two state lottery commissions, (2) the
DISTRICT OF COLUMBIA LOTTERY COMMISSION and (3) the U.S. VIRGIN
ISLANDS LOTTERY COMMISSION (collectively all as "Mega Members").

4.   Plaintiffs are informed, believe and thereon allege that
the forty-two (42) state lottery commissions include: 1) ARIZONA
STATE LOTTERY COMMISSION; 2) ARKANSAS STATE SCHOLARSHIP LOTTERY
COMMISSION; 3) CALIFORNIA STATE LOTTERY COMMISSION; 4) COLORADO STATE
LOTTERY COMMISSION; 5) CONNECTICUT LOTTERY CORPORATION; 6) DELAWARE
STATE LOTTERY GAMES COMMISSION; 7) GEORGIA STATE LOTTERY COMMISSION;
8) IDAHO STATE LOTTERY COMMISSION; 9) IOWA STATE LOTTERY COMMISSION;
10) ILLINOIS STATE LOTTERY COMMISSION; 11) STATE LOTTERY COMMISSION
OF INDIANA, dba THE HOOSIER LOTTERY; 12) KANSAS STATE LOTTERY
COMMISSION; 13) KENTUCKY STATE LOTTERY COMMISSION; 14) LOUISIANA
STATE LOTTERY CORPORATION COMMISSION; 15) MAINE STATE LOTTERY
COMMISSION; 16) MARYLAND STATE LOTTERY COMMISSION; 17) MASSACHUSETTS
STATE LOTTERY COMMISSION; 18)MICHIGAN STATE LOTTERY COMMISSION; 19)
MINNESOTA STATE LOTTERY COMMISSION; 20) MISSOURI STATE LOTTERY
COMMISSION; 21) MONTANA STATE LOTTERY COMMISSION; 22) NEBRASKA STATE
LOTTERY COMMISSION; 23) NEW HAMPSHIRE STATE LOTTERY COMMISSION; 24)
NEW JERSEY STATE LOTTERY COMMISSION; 25) NEW MEXICO STATE LOTTERY
COMMISSION; 26) NEW YORK STATE LOTTERY COMMISSION; 27) NORTH CAROLINA
STATE EDUCATION LOTTERY COMMISSION; 28) NORTH DAKOTA STATE LOTTERY

COMMISSION; 29) OHIO STATE LOTTERY COMMISSION; 30) OKLAHOMA STATE LOTTERY COMMISSION; 31) OREGON STATE LOTTERY COMMISSION; 32) PENNSYLVANIA LOTTERY COMMISSION; 33) RHODE ISLAND STATE LOTTERY COMMISSION, dba THE LOT; 34) SOUTH CAROLINA STATE EDUCATION LOTTERY COMMISSION; 35) SOUTH DAKOTA STATE LOTTERY COMMISSION; 36) TENNESSEE STATE LOTTERY COMMISSION; 37) TEXAS STATE LOTTERY COMMISSION; 38) VERMONT STATE LOTTERY COMMISSION; 39) VIRGINIA STATE LOTTERY COMMISSION; 40) WASHINGTON STATE LOTTERY COMMISSION; 41) WEST VIRGINIA STATE LOTTERY COMMISSION; and 42) WISCONSIN STATE LOTTERY COMMISSION.

5.      This is a proposed national class action alleging Defendant MEGA MILLIONS and Mega Members, at all relevant times material hereto and mentioned herein, have and are operating and co-operating lottery in violation of various California and Federal laws including, but not limited to, 1) breach of contract; 2) false advertising; 3) misrepresentation; 4) negligence; 5) fraud; 6) unjust enrichment; 7) civil conspiracy; 8) violations of unfair business practices acts; and 9) declaratory relief.

6.      The class period is defined as within the four year period preceding the filing of Plaintiffs' Complaint through the date notice is given to the class.

7.      Plaintiffs allege the acts described in this Complaint have occurred at all relevant times material hereto and mentioned herein. Past tense and present tense are sometimes used interchangeably to

describe the acts that occurred and are occurring within the class period.

8. Defendant MEGA MILLIONS, itself and through its Mega Members, offered and offers certain cash prizes, including a jackpot, to owner(s)/holder(s) of winning Mega Millions lottery ticket(s) that match certain number(s) or a combination of numbers that are drawn on the designated drawing date for that particular ticket.

9. At all relevant times material hereto and mentioned herein, drawings have been and are held on Tuesdays and Fridays of every week. Each of these drawings was/is a separate and independent lottery drawing from any and all other drawings for a given Mega Millions lottery ticket. Each Mega Millions lottery ticket is eligible to win prizes only on the designated drawing date the ticket is purchased for.

10. To play Mega Millions lottery, a player can either pick his/her own combination of certain numbers or purchase QUICK PICK or EASY PICK ticket(s) that allegedly select(s) numbers in random on behalf of a player. QUICK PICK and EASY PICK are used interchangeably depending on the jurisdiction the ticket is sold. QUICK PICK is used in this Complaint to refer both or either QUICK PICK and/or EASY PICK.

11. Defendant MEGA MILLIONS and/or its Mega Members regularly advertised and still advertise certain fixed odds/chances of winning certain prizes from $2 to a jackpot by playing. A jackpot is won if

all numbers selected are matched from the drawing the ticket was purchased.

12.   During the last four years, Plaintiffs purchased a number of QUICK PICK ticket(s) believing that each purchased QUICK PICK ticket has the same advertised odds/chances of winning the advertised prizes including the jackpot. Plaintiffs did not win any jackpot or any other substantial prize that were advertised by Defendant MEGA MILLIONS and/or its Mega Members.

13.   Plaintiffs are now informed, believe and thereon allege that a QUICK PICK ticket has lower odds or fewer chances of winning the described prizes including the jackpot than compared to the odds/chances that are advertised for certain prizes by Defendant MEGA MILLIONS LOTTERY and Mega Members.

14.   This lawsuit, among other things, seeks to recover damages for themselves and on behalf of all others similarly situated. Damages including, but not limited to, disgorgement of ill-gotten gains, and force certain changes related to QUICK PICK tickets.

## II.   PARTIES

### A.   PLAINTIFFS

15.   Plaintiff THOMAS LEE is, and at all times relevant to this Complaint was, an individual over 18 years old residing in Rancho Palos Verdes, California. Plaintiff THOMAS LEE purchased numerous QUICK PICK Mega Million lottery tickets during the past four years from various Mega Millions lottery retailers/agents in California. Plaintiff THOMAS LEE did not win any jackpot or any other substantial

prize that were advertised by Defendant MEGA MILLIONS and/or its Mega Members. Accordingly, Plaintiff THOMAS LEE suffered damages and lost money as a result of unlawful operations of Mega Millions Lottery by Defendants and/or Mega Members.

16.   Plaintiff MEEJOUNG LIM is, and at all times relevant to this Complaint was, an individual over 18 years old residing in Cerritos, California. Plaintiff MEEJOUNG LIM purchased numerous QUICK PICK Mega Million lottery tickets during the past four years from various Mega Millions lottery retailers/agents in California. Plaintiff MEEJOUNG LIM did not win any jackpot or any other substantial prize that were advertised by Defendant MEGA MILLIONS and/or its Mega Members. Accordingly, Plaintiff MEEJOUNG LIM suffered damages and lost money as a result of unlawful operations of Mega Millions Lottery by Defendant MEGA MILLIONS and/or its Mega Members.

**B.   DEFENDANTS**

17.   Defendant MEGA MILLIONS LOTTERY's true name, principal place of business and capacity, whether a consortium, corporation, association or otherwise, are unknown to Plaintiffs at this time, and Plaintiffs therefore sues said defendant by such commonly known name by members of the community and public. Plaintiff will seek leave of Court to amend this Complaint when such information of said defendant has been ascertained.

18.   Plaintiffs are informed, believe and thereon allege that Mega Millions Lottery is a consortium of lotteries without a "central office". Mega Millions may be operated, co-operated and duties shared

with its lotteries/members including the DISTRICT OF COLUMBIA LOTTERY COMMISSION, the U.S. VIRGIN ISLANDS LOTTERY COMMISSION and forty-two (42) state lottery commissions which include: ARIZONA STATE LOTTERY COMMISSION; ARKANSAS STATE SCHOLARSHIP LOTTERY COMMISSION; CALIFORNIA STATE LOTTERY COMMISSION; COLORADO STATE LOTTERY COMMISSION; CONNECTICUT LOTTERY CORPORATION; THE D.C. LOTTERY COMMISSION; DELAWARE STATE LOTTERY GAMES COMMISSION; GEORGIA STATE LOTTERY COMMISSION; IDAHO STATE LOTTERY COMMISSION; IOWA STATE LOTTERY COMMISSION; ILLINOIS STATE LOTTERY COMMISSION; STATE LOTTERY COMMISSION OF INDIANA, dba THE HOOSIER LOTTERY; KANSAS STATE LOTTERY COMMISSION; KENTUCKY STATE LOTTERY COMMISSION; LOUISIANA STATE LOTTERY CORPORATION COMMISSION; MAINE STATE LOTTERY COMMISSION; MARYLAND STATE LOTTERY COMMISSION; MASSACHUSETTS STATE LOTTERY COMMISSION; MICHIGAN STATE LOTTERY COMMISSION; MINNESOTA STATE LOTTERY COMMISSION; MISSOURI STATE LOTTERY COMMISSION; MONTANA STATE LOTTERY COMMISSION; NEBRASKA STATE LOTTERY COMMISSION; NEW HAMPSHIRE STATE LOTTERY COMMISSION; NEW JERSEY STATE LOTTERY COMMISSION; NEW MEXICO STATE LOTTERY COMMISSION; NEW YORK STATE LOTTERY COMMISSION; NORTH CAROLINA STATE EDUCATION LOTTERY COMMISSION; NORTH DAKOTA STATE LOTTERY COMMISSION; OHIO STATE LOTTERY COMMISSION; OKLAHOMA STATE LOTTERY COMMISSION; OREGON STATE LOTTERY COMMISSION; PENNSYLVANIA LOTTERY COMMISSION; RHODE ISLAND STATE LOTTERY COMMISSION, dba THE LOT; SOUTH CAROLINA STATE EDUCATION LOTTERY COMMISSION; SOUTH DAKOTA STATE LOTTERY COMMISSION; TENNESSEE STATE LOTTERY COMMISSION; TEXAS STATE LOTTERY COMMISSION; VERMONT STATE LOTTERY COMMISSION; VIRGINIA

STATE LOTTERY COMMISSION; WASHINGTON STATE LOTTERY COMMISSION; WEST VIRGINIA STATE LOTTERY COMMISSION; and WISCONSIN STATE LOTTERY COMMISSION.

19.  Plaintiffs are informed, believe and thereon allege that at all relevant times material hereto and mentioned herein, each Mega Member and each DOE defendant were and are members, subunits, agents, servants, employers, joint ventures, partners, divisions, owners, subsidiaries, aliases, assignors and/or alter-egos of remaining defendants and were at all times acting within the purpose and scope of such association, membership, agency, servitude, joint venture, division, ownership, subsidiary, alias, assignment, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining defendant.

20.  At all times herein mentioned, each defendant was the co-conspirator, member, agent, servant, employee, assignee and/or joint venturer of each of the other defendants and was acting within the course and scope of said conspiracy, membership, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other defendant.

21.  Plaintiffs are informed, believe and thereon allege that each and all of the aforementioned defendants are responsible in some manner, either by act or omission, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiffs' damages, as herein alleged, were proximately caused by the conduct of defendants.

22.   Plaintiffs are informed, believe and thereon allege that defendants, and each of them, are, and at all material times relevant to this Complaint, performed the acts alleged herein and/or otherwise conducted business in 42 states, the District of Columbia and/or the U.S. Virgin Islands.

23.   The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1-10, inclusive, and each of them, are unknown to Plaintiffs at this time, and Plaintiffs therefore sues said defendants by such fictitious names. Plaintiffs allege, on information and belief, that each defendant is responsible for the actions herein alleged. Plaintiffs will seek leave of Court to amend this Complaint when the names of said Doe defendants have been ascertained.

24.   Plaintiffs are informed, believe and thereon allege that at all times mentioned herein, defendants, and each of them, including without limitation those defendants herein sued as DOES, were acting in concert or participation with each other, or were joint participants and collaborators in the acts complained of, and were the agents or employees of the other in doing the acts complained of herein, each and all of them acting within the course and scope of said agency and/or employment by the others, each and all of them acting in concert one with the other and all together.

### III. JURISDICTION AND VENUE

25.   This court has subject matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, which,

inter alia, amends 28 U.S.C. § 1332(d) (diversity of citizenship) conferring federal jurisdiction over class actions where, as here, "any member of a class of plaintiffs is a citizen of a State different from any Defendant" and the aggregated amount in controversy exceeds five million dollars ($5,000,000). See 28 U.S.C. §§ 1332(d)(2) & (6).

26.   This Court has personal jurisdiction over the parties because Plaintiffs submit to the jurisdiction of the Court, and defendants are either individuals who reside in this District within California or are entities duly licensed or authorized to do business in California.

27.   Plaintiffs are informed, believe and thereon allege that a substantial part of the events giving rise to the claims herein alleged occurred in this district and defendants and/or agents of defendants may be found in this district.

28.   Intradistrict Assignment: Assignment to the Los Angeles division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events and omissions giving rise to this lawsuit occurred in this district and division.

### IV.   STATEMENT OF FACTS

29.   This case involves alleged unlawful operations of Mega Millions lottery that was/is played in 42 states, the District of Columbia and the U.S. Virgin Islands.

30.   Plaintiffs are informed, believe and thereon allege that MEGA MILLIONS LOTTERY ("Defendant MEGA MILLIONS") was/is operated,

co-operated and duties shared with its Members comprised of (1) forty-two state lottery commissions, (2) the DISTRICT OF COLUMBIA LOTTERY COMMISSION and (3) the U.S. VIRGIN ISLANDS LOTTERY COMMISSION (all collectively as "Mega Members").

31.   Defendant MEGA MILLIONS (via itself and through its Mega Members) offered certain cash prizes including a jackpot to owner(s)/holder(s) of Mega Millions winning ticket(s) purchased from lottery retailers/agents in 42 states plus the District of Columbia and the U.S. Virgin Islands. Winning ticket(s) match certain number or combination of numbers that are drawn on the designated drawing date for that particular ticket. Drawings have occurred and new drawings occur twice a week at all material times relevant to this Complaint.

32.   A player can either pick his/her own combination of certain numbers or purchase QUICK PICK ticket(s) that allegedly select numbers in random on behalf of a player.

33.   Defendant MEGA MILLIONS and/or its Mega Members regularly advertised certain fixed odds/chances of winning certain prizes ranging from $2 to a certain jackpot. A jackpot is won if all numbers selected are matched. Jackpot amount starts at $12,000,000 at the first drawing and increases periodically if there weren't any jackpot winner(s). Defendant MEGA MILLIONS and/or its Mega Members claimed and advertised the odds/chances of winning the jackpot as 1 in 175,711,536. See footnote 1 below.

1

---------------------------------------------------------------

2

FN1. From Mega Millions Official Home website

3   (www.megamillions.com/howto) on June 19, 2012.

4

# How To Play

5

6   Mega Millions tickets cost $1.00 per play.

7   Players may pick six numbers from two separate pools of
numbers - five different numbers from 1 to 56 and one number
8   from 1 to 46 - or select Easy Pick. You win the jackpot by
matching all six winning numbers in a drawing.
9

10   What if you win the jackpot?

11   Annuity option: Provides 26 annual payments. For every
$1,000,000 in the jackpot, you will receive approximately
12   $38,500 per year before taxes.

13

14   Cash option: A one-time, lump-sum payment that is equal to all the cash in the Mega Millions jackpot
prize pool.

15   In addition to the jackpot, there are other prizes ranging from $2 to $250,000*.

16

17   * In California all prizes are pari-mutuel, meaning payouts are based on sales and the number of
winners. All other Mega Millions states set the 2nd through 9th prizes at pre-determined amounts.

18   **Some states use a Megaplier feature to increase non-jackpot prizes by 2, 3 or 4 times. To find out if
your state participates, and to get Megaplier results, visit the lottery web site in the state in which you
19   played.

20

21

22

23

24

25

26

27

28

34.   During the last four years, Plaintiffs purchased a number of QUICK PICK tickets believing that each purchased QUICK PICK ticket has the same advertised odds/chances of winning the advertised prizes including the jackpot. Plaintiffs did not win any jackpot or any other substantial prize that were advertised by Defendant MEGA MILLIONS and/or its Mega Members.

35.   Plaintiffs are now informed, believe and thereon allege that a QUICK PICK ticket has lower odds or fewer chances of winning certain described prizes including the jackpot than compared to the odds/chances that are advertised for those prizes by Defendant MEGA MILLIONS and/or its Mega Members.

## V.   CLASS ACTION ALLEGATIONS

36.   Pursuant to Federal Rules of Civil Procedure, Rule 23(b)(2), Plaintiffs THOMAS LEE and MEEJOUNG LIM bring this action on behalf of themselves and classes of similarly situated persons defined as follows:

**National Class:** All individuals, age 18 or older, who purchased at least one QUICK PICK (or EASY PICK) Mega Millions lottery ticket from any lottery retailers/agents in the 42 states, the District of Columbia and/or the U.S. Virgin Islands within the four year period preceding the filing of Plaintiffs' Complaint through the date notice is given to the Class.

The aforementioned 42 states include: ARIZONA, ARKANSAS, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, GEORGIA, IDAHO, IOWA, ILLINOIS, INDIANA, KANSAS, KENTUCKY, LOUISIANA, MAINE, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, NORTH DAKOTA, OHIO, OKLAHOMA, OREGON, PENNSYLVANIA, RHODE ISLAND, SOUTH CAROLINA, SOUTH DAKOTA, TENNESSEE, TEXAS, VERMONT, WASHINGTON, WEST VIRGINIA and WISCONSIN.

Plaintiffs reserve the right to amend or otherwise alter the Class definitions and Class periods presented to the Court at the appropriate time, or propose or eliminate sub-Classes, in response to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

**A.   SUPERIORITY**

37.   A class action is superior to other available methods to provide fair and efficient adjudication of the controversy, provide redress of claims too small and impracticable for individuals to independently litigate, and provide judicial economy by eliminating repetitious litigation from the courts.

38.   Prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which establish incompatible standards of conduct for defendants and/or substantially impair or impede the ability of individual Class members to protect their interests.

**B.   NUMEROSITY**

39.   Plaintiffs are informed and believe, and on that basis allege, the Proposed Classes consist of many millions of people.

**C.   COMMONALITY**

40.   There are numerous questions of law and fact common to the Proposed Class including, but not limited to:

(a) Whether Defendant MEGA MILLIONS and/or its Mega Members breached their contract with Class by not providing the goods and services as promised;

(b) Whether Defendant MEGA MILLIONS and/or its Mega Members engaged in false advertising of the odds/chances of winning certain prizes and services provided;

(c) Whether Defendant MEGA MILLIONS and/or its Mega Members misrepresented the odds/chances of winning certain prizes and services provided;

(d) Whether Defendant MEGA MILLIONS and/or its Mega Members were negligent in permitting lottery machines to operate that did not generate a true random selection of numbers for QUICK PICK tickets;

(e) Whether Defendant MEGA MILLIONS and/or its Mega Members committed fraud by fixing the lottery machines to not generate a true random selection of numbers for QUICK PICK tickets;

(f) Whether Defendant MEGA MILLIONS and/or its Mega Members conspired to engage in unlawful activities;

(g) Whether Defendant MEGA MILLIONS and/or its Mega Members violated unfair business practices acts;

(h) Whether Defendant MEGA MILLIONS and/or its Mega Members were unjustly enriched because of their unlawful activities;

(i) Whether Plaintiffs and Class members are entitled to injunctive, declaratory, and other equitable relief against defendants; and

(j) Whether Plaintiffs and Class members are entitled to an award of punitive damages, reasonable attorneys' fees and costs of this suit.

## D. TYPICALITY

41.    Plaintiffs' claims are typical of the claims of the Proposed Class members as each purchased one or more QUICK PICK tickets believing that each QUICK PICK had certain odds/chances of winning prizes as advertised by Defendant MEGA MILLIONS and/or its Mega Members. Plaintiffs and all members of the class have similarly suffered harm arising from Defendant MEGA MILLIONS' and/or its Mega Members' violations of law, as alleged herein.

## E. ADEQUACY

42.    Plaintiffs will fairly and adequately protect the interests of the Proposed Class because their interests do not conflict with the interests of the members of the class they seek to represent and have retained counsel competent and experienced in complex class action litigation.

## F.    FEDERAL RULES OF CIVIL PROCEDURE, RULE 23(b)(1), 23(b)(2) and 23(b)(3)

43.    This suit may be brought and maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(b)(1) because unlawful acts and practices of defendants, as alleged herein, constitute a course of conduct common to Plaintiffs and each Class member.

44.    This suit may be brought and maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(b)(2) because Plaintiffs and the Class seek declaratory and injunctive relief with respect to the Class as a whole.

45.   This suit may be brought and maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(b)(3) because questions of law or fact common to the Class members, including those identified above, predominate over questions affecting only individual Class members if any.

## VI.   CAUSES OF ACTION

### COUNT I
### Breach of Contract
### (Against All Defendants)

46.   Plaintiffs reallege and incorporate by reference each of the allegations contained in the preceding paragraphs.

47.   A contract existed between Plaintiffs (including Members of Classes) and Defendant MEGA MILLIONS and/or its Mega Members.

48.   Defendant MEGA MILLIONS and/or its Mega Members have directly performed, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the commission of the above-described acts of declaring certain odds/chances of winning Mega Millions lottery by Class members purchasing Mega Millions lottery ticket(s). However Class members who purchased QUICK PICKS had lower odds or reduced chances to win these prizes than the advertised odds/chances.

49.   As a result of Defendant MEGA MILLIONS' and/or its Mega Members' unlawful acts, Plaintiffs and Class Members suffered damages in the amount to be determined at trial.

50.   Defendant MEGA MILLIONS and/or its Mega Members committed, knew of and/or acquiesced in all of the above-described acts, and failed to deliver a product they promised to Plaintiffs and Class Members in QUICK PICK ticket(s) with advertised odds/chances to win certain prizes.

51.   By the acts alleged herein, Defendant MEGA MILLIONS and/or its Mega Members have violated Plaintiffs' and Class Members' reasonable expectations of delivery of a product in QUICK PICK ticket(s) with advertised odd/chances to win.

52.   As a direct and proximate result of Defendant MEGA MILLIONS' and/or its Mega Members' actions, Plaintiffs and Class Members have suffered, and continue to suffer, injury in fact and have lost money as a result of such breach of contract in amounts to be determined at trial.

## COUNT II
### False Advertising
### (Against All Defendants)

53.   Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

54.   Defendant MEGA MILLIONS and/or its Mega Members made untrue, false, deceptive and/or misleading statements in connection with the advertising and marketing of Mega Millions lottery including, but not limited to, odds/chances to win Mega Millions lottery.

55.   As a direct and proximate result of Defendant MEGA MILLIONS' and/or its Mega Members' actions, Plaintiffs and Class Members have suffered, and continue to suffer, injury in fact and have lost money as a result of such false, deceptive and misleading advertising in amounts to be determined at trial.

56.   Plaintiffs and those similarly situated seek full restitution of monies, as necessary and according to proof, to disgorge all profits made by means of false, misleading and deceptive advertising and marketing practices complained of herein, plus interest thereon.

**COUNT III**
**Misrepresentation**
**(Against All Defendants)**

57.   Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

58.   Plaintiffs are informed, believe and thereon allege that Defendant MEGA MILLIONS and/or its Mega Members, and their lottery retailers/agents have misrepresented information regarding odds/chances of winning prizes to Plaintiffs and Class Members.

59.   As a direct and proximate result of Defendant MEGA MILLIONS' and/or its Mega Members' actions, Plaintiffs and Class Members have suffered, and continue to suffer, injury in fact and have lost money as a result of such misrepresentation in amounts to be determined at trial.

60.   Plaintiffs and those similarly situated seek full restitution of monies, as necessary and according to proof, to disgorge all profits made by means of misrepresentation complained of herein, plus interest thereon.

**COUNT IV**
**Negligence**
**(Against All Defendants)**

61.   Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

62.   Defendant MEGA MILLIONS and/or its Mega Members owed a duty of care to Plaintiffs and Class Members to use reasonable care in maintaining and operating Mega Millions lottery to ensure the integrity of their QUICK PICK method(s) of drawing.

63.   Had Defendant MEGA MILLIONS and/or its Mega Members exercised reasonable care and skill in operating their QUICK PICK method to select numbers in true random, Plaintiffs and Class Members may have lost less monies to Defendant MEGA MILLIONS and/or its Mega Members.

64.   As a direct, proximate result of this negligence, Plaintiffs and Class Members have been injured, and they have suffered and continue to suffer economic losses in the amounts to be determined at trial.

/ / /

/ / /

**COUNT V**
**Fraud**
**(Against All Defendants)**

65.   Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

66.   Defendant MEGA MILLIONS and/or its Mega Members intentionally with deliberate indifference or with reckless disregard, manipulated the selection of numbers via QUICK PICK ticket(s) as to lower the odds or reduce chances to win certain prizes than as advertised.

67.   As a direct, proximate result of this fraudulent conduct, Plaintiffs and Class Members have been injured, and they have suffered and continue to suffer economic losses in the amounts to be determined at trial.

**COUNT VI**
**Civil Conspiracy**
**(Against All Defendants)**

68.   Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

69.   Defendant MEGA MILLIONS and its Mega Members joined in a conspiracy to unlawfully co-operate Mega Millions lottery. Defendant MEGA MILLIONS and/or its Mega Members also agreed to advertise or caused to be advertised marketing material with the express intention to further their unlawful co-operation. Defendant MEGA MILLIONS

and/or its Mega Members knew they were violating federal and state laws as described above.

70.   Defendant MEGA MILLIONS and/or its Mega Members consciously conspired and deliberately pursued sale of QUICK PICK tickets that did not have the odds/chances of winning as advertised in their marketing material.

71.   Defendant MEGA MILLIONS and/or its Mega Members each committed one or more unlawful acts in furtherance of this conspiracy, subjecting each to joint and several liability.

72.   As a direct, proximate result of this conspiracy, Plaintiffs and Class Members have been injured, and they have suffered and continue to suffer economic losses, general and specific damages, all in the amounts to be determined at trial.

## COUNT VII
### Violations of Unfair Business Practices Act
### (Against All Defendants)

73.   Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

74.   Plaintiffs bring this cause of action on behalf of themselves, on behalf of the Classes against all defendants for their unlawful, unfair, untrue and/or deceptive business acts and/or practices pursuant to California Business and Profession Code Sections 17200 et seq. and/or similar federal/state Unfair Competition Acts, which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

75.   Plaintiffs assert these claims as the representative of an aggrieved group and on behalf of Class Members who have expended funds that defendants should reimburse under the equitable and restitutionary remedies provided by California Business and Professions Code Sections 17200 et seq. and/or comparable federal/state Unfair Competition Acts.

76.   The acts, misrepresentations, omissions and defendants' practices alleged above constitute unfair, unlawful and/or fraudulent business acts and/or practices within the meaning of California Business and Professions Code Sections 17200 et seq. and/or comparable federal/state Unfair Competition Acts.

77.   Defendant MEGA MILLIONS' and/or its Mega Members' conduct, as fully described above, was likely to deceive members of the public including Plaintiffs and Class members.

78.   Presently, to Plaintiffs' knowledge, Defendant MEGA MILLIONS and/or its Mega Members continue to act in unlawful, unfair, fraudulent, untrue and/or deceptive ways.

79.   As a direct and proximate result of the aforementioned acts, Defendant MEGA MILLIONS and/or its Mega Members, and each of them, made profits from Plaintiffs and Class Members who purchased Mega Millions QUICK PICK lottery tickets.

80.   Plaintiffs and Class members are entitled to restitution of the amounts Plaintiffs and Class Members suffered, and equitable relief of disgorgement of all profits made to be determined at trial.

**COUNT VIII**
**Unjust Enrichment**
**(Against All Defendants)**

81. Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

82. Defendants were unjustly enriched from their unlawful acts at the expense of Plaintiffs and Class Members.

83. As a direct and proximate result of Defendant MEGA MILLIONS' and/or its Mega Members' actions, Plaintiffs and Class Members have suffered, and continue to suffer, injury in fact and have lost money as a result of unlawful act in amounts to be determined at trial.

84. Plaintiffs and those similarly situated seek full restitution of monies, as necessary and according to proof, to disgorge all profits made by means of unlawful acts complained of herein, plus interest thereon.

**COUNT IX**
**Declaratory and Injunctive Relief**
**(Against All Defendants)**

85. Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

86. Plaintiffs, on behalf of those similarly situated, seek both a declaration of Defendant MEGA MILLIONS' and/or its Mega Members' above-described practices as false, misleading and deceptive advertising, and an injunction to prohibit defendants from continuing

to engage in such false, misleading and deceptive advertising and marketing practices complained of herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all Members of the Proposed Class, respectfully pray for judgment against each defendant, jointly and severally, as follows:

1)   An order certifying this case as a class action and appointing Plaintiffs and their counsel to represent the Class;

2)   Restitution and disgorgement of all profits made by defendants as a result of its misconduct, together with interest thereon from the dates of sufferance occurred;

3)   Actual damages for injuries suffered by Plaintiffs and Members of Class;

4)   Compensatory money damages according to proof;

5)   Statutory damages according to proof;

6)   Punitive damages;

7)   Reasonable attorneys' fees and other costs of suit;

8)   Statutory prejudgment interest;

9)   For leave to amend this complaint to add additional federal and/or state law claims, including but not limited to claims in the District of Columbia and the U.S. Virgin Islands; and

10)   For such other and further relief, in law or equity, as the Court deems just and proper.

/ / /

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures and the Seventh Amendment of the United States Constitution, Plaintiffs hereby request a jury trial for all issues triable by jury including, but not limited, to those issues and claims set forth in amended complaint and/or consolidated action.

Dated: June 19, 2012

Lee & Chang, LLP
Mark Lee, Esq. (SBN 183008)
Sandy Chang, Esq. (SBN 267086)
Attorneys for Plaintiffs

Name & Address:
Mark Lee, Esq.
Sandy Chang, Esq.
LEE & CHANG, LLP
456 W. San Jose Avenue, Suite A
Claremont, CA 91711

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| THOMAS LEE, MEEJOUNG LIM, on behalf of themselves and others similarly situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | **CV12-5402**-PSG(SHx) |
| MEGA MILLIONS LOTTERY; and DOES 1-10 inclusive, | |
| DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Mark Lee, Esq., LEE & CHANG, LLP_ , whose address is _456 W. San Jose Avenue, Suite A, Claremont, CA 91711_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _JUN 2 1 2012_

By: _____**MARILYN D**_____
     Deputy Clerk

     (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)           **SUMMONS**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
THOMAS LEE, MEEJOUNG LIM, on behalf of themselves and others similarly situated,

**DEFENDANTS**
MEGA MILLIONS LOTTERY; and DOES 1~10 inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Mark Lee, Esq., Sandy Chang, Esq., LEE & CHANG, LLP
456 W. San Jose Avenue, Suite A, Claremont, CA 91711
323-250-2580

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business in this State | ☐4 | ☒4 |
| Citizen of Another State | ☒2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT.   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of Contract, False Advertising, Misrepresentation, Negligence, Fraud, Civil Conspiracy, Unfair Business Practices Acts, Unjust Enrichment, & Declartory Relief.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

# CV12-5402

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | All Counties in 42 States, Washington D.C. and U.S. Virgin Islands. |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | All Counties in 42 States, Washington D.C. and U.S. Virgin Islands. |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | All Counties in 42 States, Washington D.C. and U.S. Virgin Islands. |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  6/21/12

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended, plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV12- 5402 PSG (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.